Law Library

**IN THE SUPERIOR COURT**
**OF GUAM**

CECILIA M. SCROGGS,                    )      Domestic Case no. DM-0705-09
                                       )
                            Plaintiff, )
                                       )
          v.                           )
                                       )      **DECISION AND ORDER**
                                       )      re: Motion for Modification
RICHARD D. SCROGGS,                    )      of Spousal Support
                                       )
                                       )
                            Defendant. )
_____

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on June 28, 2012. The Plaintiff was represented by Attorney Lawrence J. Teker. The Defendant was represented by Attorney Daniel S. Somerfleck. After considering the matter presented, the Court issues the following decision and order denying Defendant's motion for modification of spousal support.

## BACKGROUND

The instant action arises out of a complaint for divorce, which was filed by Plaintiff on October 28, 2009. Defendant signed an Admission of Service, Appearance and Waiver in which Defendant admits service of the Summons and Complaint. On October 28, 2009 Plaintiff also filed the marital separation, child custody and property settlement agreement.

On November 8, 2010, the Court issued an interlocutory judgment and final decree of divorce. On July 26, 2012 the parties appeared for a hearing regarding Defendant's Motion for Modification of Spousal Support. This Court now issues its decision and order denying Defendant's Motion for Modification of Spousal Support.

## DISCUSSION

Defendant seeks to modify the Marital Separation, Child Custody, and Property Settlement Agreement, specifically the following provision in Section 13 concerning Community debts/obligations which states:

> "With respect to the payment of all financial obligations and monthly expenses of the parties, such as the mortgage to *Union Bank of California, N.A.* and to the *Small Business Association*, Husband and Wife agrees that the parties shall continue as they have always done in the past, which is Husband shall deposit into the parties joint checking account at First Hawaiian Bank, Account No. 35-203427, the sum of *One Thousand Four Hundred Dollars* ($1,400.00) per pay period, to be used towards the payment of the parties' monthly debts and financial obligation, including all cost-of-living expenses which the family incurs each month. Husband agrees that he shall continue to make said payments throughout the life of the Wife."

Modification of child support provisions is governed by Guam law 5 GCA §34121 which provides:

> "The provisions of any order respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and only upon showing of a *substantial and material change of circumstances…* The Superior Court of Guam shall have the authority to modify any order, award, stipulation, or agreement as to child support (whether or not merged or integrated into a decree of divorce or separation) upon a showing of substantial or material change in circumstances."

Essentially, the Court has discretion to vary, alter or revoke the support order.

In Defendant's Motion for Modification of Spousal Support, Defendant asserts at the time the parties entered into the Agreement, he was not represented with counsel. Due to a lack of representation, Defendant submits he has been providing an unjust amount of support to the Plaintiff rendering him unable to provide support for himself. Furthermore, Plaintiff's failure to make timely payment towards the parties mortgage has and will continue to have an adverse effect on Defendant's credit rating as well as placing the community home in the state of potential foreclosure.

In Plaintiff's Opposition to Defendant's Motion for Modification of Spousal Support, Plaintiff submits there has not been substantial or material change of circumstances which warrants a modification of the support provision. The Guam Supreme Court has held in *Camacho v. Camacho* (1997 Guam 5), separation agreements are to be treated as contracts are generally treated. Plaintiff submits Guam law provides a discreet set of circumstances when a contract – like the separation agreement at issue here – can be revised. Guam law 20 GCA §3230 provides:

> "When, through *fraud or a mutual mistake* of the parties, or a *mistake of one party*, which the other at the time knew or suspected, a written contract *does not truly express the intention* of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value."

Since there have been no allegations of fraud, mutual mistake of the parties, unilateral mistake, or other circumstances which permits modification, Plaintiff asserts this Court cannot disturb the contractual agreement entered into between the parties. Even if this Court could modify the contract, the Defendant has not shown a substantial or material chance of circumstances justifying such a modification.

This matter was heard before the Court on July 26, 2012, where both parties submitted additional oral arguments. Defendant argues Plaintiff recently acquired employment and the presence of an additional guest, Plaintiffs boyfriend, in the parties community home. Both factors constitutes as a substantial or material change in circumstances. Plaintiff asserts the change of circumstances is not substantial or material, rather such a change is expected in the course of moving on with their lives. After reviewing both parties briefs and arguments, the Court rejects both parties standard of review and issues its decision and order based on the following analysis.

The Court finds 5 GCA §34121 not to be applicable because Defendant is not seeking

to modify child support as §8 Child Support provision in the settlement agreement has been waived. Defendant is requesting for modification of §13 Community Debts/Obligations. As such, the Court finds the 19 G.C.A. §8402 and §8405, the statute for alimony and family support, most applicable in the instant case. Under Guam law, 19 G.C.A. §8402 provides

> "the court may, in its discretion, require the husband or wife, as the case may be, to pay as alimony any money necessary to enable the wife, or husband, to support herself and her children...the final judgment in such action may be enforced by the court by such order or orders as in its discretion it may from time to time deem necessary, and such order or orders may be varied, altered, or revoked at the discretion of the court."

Similarly, 19 G.C.A. §8405 states for family support

> "the court may compel either spouse to provide for the maintenance of the children of the marriage....and to make such suitable allowance to the other spouse for that person's support, during that person's life or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively; and the court may, from time to time, modify its order."

Neither statute requires a change in circumstances to modify the agreement. Therefore, the Court can modify the provisions relating to alimony and family support to its discretion without a change in circumstances.

When the parties have agreed upon a settlement agreement, the courts are reluctant to disturb their agreement in absence of equitable considerations. This Court agrees with the Plaintiff's assertion that settlement agreements should generally be treated as contracts. However, the Guam Supreme Court in *Lujan v. Lujan*, sets forth the most recent standard which permits this Court to modify provisions in settlement agreements. In the instant case, both parties agreed to waive spousal support and refer to the provision concerning community debts/obligations.

The Court must first characterize the community debt payment of One Thousand Four Hundred Dollars ($1,400.00) per pay period. The express language used in the agreement

provides the payment to be used towards the parties' monthly expenses. The community debt/obligation includes One Thousand Eight Hundred Nineteen Dollars (1,819.00) for their mortgage to First Hawaiian Bank and Five Hundred Fifty Dollars (550.00) for payment on their Small Business Loan. The total amount of monthly community debt is Two Thousand Three Hundred Sixty Nine Dollars ($2,369.00). There is a surplus of Four Hundred Thirty One Dollars (431.00) after deducting the monthly debt from the Defendant's lump sum payment of Two Thousand Eight Hundred Dollars (1400 x 2=2800) every month. The issue is the characterization of the community debt/obligations payment and whether it is intended as spousal support or a non-modifiable division of the parties property.

The *Lujan* Court held where it is unclear upon the "four corners" of the settlement agreement the characterization of the payment, this Court can consider extrinsic evidence to determine the parties intent. If the payment is intended to be part of the property division, then the provision is not modifiable. However, if the community payment was also intended as spousal support, then it can be subject to modification[1]. The express language of Section 16 of the settlement agreement states the money is to be used for "monthly expenses". Although the payment is obligated under the community debt/obligation provision, it is not expressly stated whether the surplus amount is spousal support or part of the division of property.

Assuming *arguendo*, the parties intended Defendant's community payment to be spousal support, it must then address the issue of whether the support provisions are severable from rather than integrated from the provisions for the division of property. The *Lujan* Court found an agreement is integrated if the parties agreed the provisions for the division of property

---

[1] 19 GCA § 8405. Family Support. When a dissolution of marriage is granted, the court may compel either spouse to provide for the maintenance of the children of the marriage and children of either spouse adopted by the other, and to make such suitable allowance to the other spouse for that person's support, during that person's life or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively; and the courts may, from time to time, modify its order in

and the provisions for support constitute reciprocal consideration (2012 Guam 7) at 41. In the instant case, the settlement agreement does provide for reciprocal consideration because the parties own the home as joint tenants.

This case is distinguishable from *Lujan v. Lujan*, which ruled in favor of the Husband's request modify his community payment. The *Lujan* Court reasoned that Husband was paying the mortgage for a home he did not own an interest in and therefore his assumption of the mortgage was considered to be spousal support. In the instant case, half of Defendant's monthly payment is to maintain his own undivided interest in the community home. Accordingly, this Court finds the provisions to be integrated and not a modifiable provision for the division of the parties property.

As stated above, because Plaintiff only waived her right to child and spousal support, not community property, Defendant is still obligated to the terms of the settlement agreement regarding community debt. The Court finds Defendant may be entitled to modification upon paying off the mortgage and small business loan; however the matter is not before the Court.

## CONCLUSION

Based on the foregoing, the Court DENIES Defendant's Motion for Modification of Spousal Support.

SO ORDERED, this 17 day of Ncunbn 2012.



_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

these respects. Derived from California Civil Code section 139. Holds that modification of support provisions in a divorce decree is available only when the support provisions are severable from the provisions dividing property.